Richard P. Sybert, Bar No. 80731
rsybert@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
5901 Priestly Drive, Suite 308
Carlsbad, CA 92008
Telephone: (619) 230-7768
Facsimile: (760) 841-2375

Attorneys for Plaintiff
THIRTY THREE THREADS, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THIRTY THREE THREADS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> PACIFIC MANUFACTURING LLC; THE STICKY STUDIO SOCK LLC d/b/a LUCKY HONEY; AREBESK, INC.; and THE GREAT FEAT LLC d/b/a GREAT SOLES, <br><br> Defendants. | CASE NO. '23CV1459 CAB AHG <br><br> **COMPLAINT** |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff Thirty Three Threads, Inc. ("33 Threads") alleges the following for its complaint against Defendants Pacific Manufacturing LLC ("Pacific"), The Sticky Studio Sock LLC d/b/a Lucky Honey ("Lucky Honey"), Arebesk, Inc. ("Arebesk"), and Great Feat LLC d/b/a Great Soles ("Great Soles") (collectively, "Defendants"):

///

///

-1-
COMPLAINT

## NATURE OF ACTION

This is an action, first, against Pacific for design patent infringement, trade dress infringement, and unfair competition, arising from Pacific's unauthorized copying and use of a distinctive sock design embodied in products sold by 33 Threads. Pacific's misappropriation has irreparably harmed the goodwill and reputation of 33 Threads and caused 33 Threads irreparable damage and monetary harm, for which 33 Threads requests relief in this Court.

This is also an action for contractual interference against all Defendants, as all Defendants have interfered with 33 Threads' exclusive contract to sell 33 Threads' patented socks to certain franchises. This conduct has further damaged 33 Threads.

## JURISDICTION AND VENUE

1. This is an action for damages and injunctive relief arising in part under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and includes related claims for unfair competition and contractual interference arising under state law.

2. This Court has original jurisdiction over this dispute pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. §§ 1338(a) and (b), as this action arises under the Lanham Act (15 U.S.C. §§ 1051 *et seq.*), and the United States patent laws (35 U.S.C. §§ 1 *et seq.*), and includes claims of unfair competition that are joined with substantially related claims under the patent and trademark laws of the United States pursuant to 28 U.S.C. § 1338(b).

3. This Court has supplemental jurisdiction over the state law claims and parties of this complaint pursuant to 28 U.S.C. § 1367(a).

4. Diversity jurisdiction also separately exists over 33 Threads' claims against Defendants Lucky Honey and Great Soles.

5. Venue is proper in the Southern District of California pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(b), as a substantial part of the events

giving rise to the claims in this complaint occurred in this judicial district. Certain Defendants also reside and have a regular and established places of business within this judicial district, within the meaning of 28 U.S.C. § 1391(c).

6. Defendants regularly conduct business in this district and throughout the United States, and are actively engaged in promoting, advertising, marketing, and/or offering products within this judicial district, including the accused product at issue in this lawsuit. Defendants' contacts with this district are sufficient to confer personal jurisdiction over Defendants.

## PARTIES

7. 33 Threads is a California corporation with its principal place of business at 1330 Park Center Drive, Vista, CA 92081. 33 Threads manufactures and sells clothing throughout the world, including the United States.

8. Upon information and belief, Defendant Pacific is a California corporation with its principal place of business at 10373 Roselle Street, Suite 130, San Diego, CA 92121. Pacific is an apparel and accessories manufacturer that sells clothing online and assists companies with brand development.

9. Upon information and belief, Defendant The Sticky Studio Sock LLC DBA Lucky Honey ("Lucky Honey") is a New York company with its principal place of business at 7014 13th Avenue, Suite 202, Brooklyn, NY 11228. Upon information and belief, Lucky Honey sells socks nationwide via its website.

10. On information and belief, Defendant Arebesk, Inc. is a California corporation with its principal place of business at 10880 Wilshire Blvd, Suite 1101, Los Angeles, CA 90024. Upon information and belief, Arebesk creates and sells socks nationwide via its website.

11. Upon information and belief, Defendant Great Feat LLC d/b/a Great Soles ("Great Soles") is a New York company with its principal place of business at 15B Mohegan Ave, Port Washington, NY 11050. Upon information and belief, Great Soles sells socks nationwide via its website.

# BACKGROUND

## *33 Threads and its '292 Patent*

12. 33 Threads is a San Diego-based luxury performance lifestyle company that designs, produces, and distributes branded, co-branded, and private label apparel, socks and bags for fitness-minded people worldwide. 33 Threads' brands represent a lifestyle for people who are inspired by a passion for fitness and personal improvement. These brands --TAVI, ToeSox, BASE 33 and Vooray-- all have authentic roots and heritage in barefoot fitness such as yoga, barre, and Pilates. 33 Threads' products are sold in 65 countries.

13. 33 Threads submitted a United States design patent application for a sock, which the United States Patent and Trademark Office approved and issued as U.S. Design Patent No. D802,292 ('292 Patent) on November 14, 2017. (A true and accurate copy of the '292 Patent is attached hereto as Exh. A.)

14. Images from 33 Threads issued '292 Patent are reproduced below:



15. 33 Threads' patented sock has been a success in the market. Throughout the United States, 33 Threads has made substantial sales of the product. 33 Threads sells the patented sock product as part of its "Toesox" line.

### *33 Threads' Trade Dress*

16. The trade dress embodies in 33 Threads' sock consists of the following design elements, and the overall commercial impression thereof: a generally oval shaped opening on the top portion of the sock, with a top stretch around-the-ankle portion with vertical fabric construction lines, and five half toes.

17. 33 Threads enjoys substantial demand for this product, and 33 Threads' trade dress embodied in this sock has become well known to consumers and the trade by virtue of widespread, long, continuous, and exclusive use thereof. The purchasing public and customers of 33 Threads associate the sock trade dress exclusively with 33 Threads. Such trade dress is protectable and has acquired secondary meaning.

18. As a result of the foregoing, the relevant public has come to recognize an association between the sock and 33 Threads, and have come to understand that the sock having the design elements used by 33 Threads is made exclusively by 33 Threads or otherwise are associated with 33 Threads.

19. By virtue of significant sales, quality of design, and uniqueness of design, and the substantial time, effort, and money expended over the years by 33 Threads in creating, promoting, and popularizing this product, 33 Threads has developed a valuable reputation and goodwill in connection with its sock and the trade dress associated therewith.

### *Pacific's Infringement*

20. Pacific is now and has been offering for sale in this district, and elsewhere in the United States, unauthorized and infringing copies of 33 Threads' sock design.

21. Upon information and belief, under its Pointe Studio brand, Pacific has, is now, and will be, offering to the public sock products that are copies of 33 Threads' sock. Customers have begun purchasing Pacific's infringing copies of 33 Threads' sock and stopped ordering the 33 Threads' sock from 33 Threads.

22. A picture of Pacific's unauthorized and infringing copies of 33 Threads' sock design is reproduced below.

23. When compared, the unauthorized Pacific sock products are remarkably similar to 33 Threads' sock product and the design shown in 33 Threads' '292 Patent:



| 33 Threads | Pacific |
|---|---|

24. Pacific is thus marketing, advertising, and selling products embodying trade dress confusingly similar to 33 Threads' sock trade dress, and substantially similar to 33 Threads' design shown in 33 Threads' '292 Patent.

25. Because of 33 Threads' unmistakable trade dress, the relevant public has and continues to be deceived and/or confused into believing that Pacific's

unauthorized "sock" originated from 33 Threads, or is somehow authorized, sponsored by, or in some way associated with 33 Threads.

26. Pacific's unauthorized reproduction of 33 Threads' trade dress has created a likelihood of confusion among the relevant public due to the relevant public's association between the look of 33 Threads' work and 33 Threads.

27. Pacific's unauthorized copying has been willful, and Pacific intentionally interfered with 33 Threads' business relations by offering to sell the copied socks, thereby wrongfully diverting sales from 33 Threads.

28. Pacific's unauthorized copying, promotion, and sale of the infringing products has caused 33 Threads irreparable financial harm.

29. Upon information and belief, by the acts alleged above, Pacific has made substantial profits to which they are not entitled and have caused 33 Threads to lose sales and/or other opportunities for monetary relief.

### *Defendants' Interference With 33 Threads' Contract*

30. 33 Threads has an exclusive vendor contract with Xponential Fitness, LLC ("XPO"), a California corporation.

31. 33 Threads and XPO entered into this exclusive vendor contract on November 19, 2016, and the contract was amended and reinstated on August 23, 2022.

32. Under the agreement, 33 Threads is the exclusive vendor of all socks sold in any XPO franchise across the United States, including in California.

33. Thus, XPO franchises are not permitted to purchase socks for sale from any other manufacturer, wholesaler, or retailer without the express written permission of XPO and 33 Threads.

34. Defendants Pacific, Lucky Honey, Arebesk, and Great Soles attempted to sell and sold socks to various XPO franchises.

35. 33Threads informed Lucky Honey, Arebesk, and Great Soles of their unlawful sales via a cease and desist letter dated February 15, 2023 and informed

1 Pacific via a cease and desist letter on October 22, 2022. Despite this warning, 2 Defendants continued to sell socks or attempt to sell socks to XPO franchises. 3 Therefore, on information and belief, Defendants acted with fraud, malice, and/or 4 oppression and with the intent to disrupt a valid contract.

## FIRST CLAM FOR RELIEF

*Patent Infringement*

**(Against Pacific)**

36. Each of the foregoing allegations is incorporated by reference as though fully set forth herein.

37. The '292 Patent, entitled "Sock," was duly and legally issued by the United States Patent and Trademark Office on November 14, 2017.

38. Plaintiff 33 Threads is the owner by assignment of the '292 Patent and has the right to sue and recover damages for infringement thereof.

39. Defendant Pacific has infringed, and continues to infringe, the '292 Patent by making, using, selling, offering to sell and/or importing copies of 33 Threads' socks.

40. The foregoing acts of patent infringement have been without authority or license from 33 Threads.

41. Upon information and belief, Pacific's infringement of the '292 Patent has been and continues to be willful, and has been conducted with an objectively reckless disregard of the high likelihood of infringement of the '292 Patent. As a result, 33 Threads is entitled to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action, under 35 U.S.C. § 285.

42. In accordance with 35 U.S.C. § 287, 33 Threads provides notice on its products sold under the patent. Specifically, the packaging on each product references a website link titled 33Threads.com/patents_trademarks. This website associates the product with the patent.

43. The foregoing acts of patent infringement by Pacific has caused, and

unless enjoined by this Court will continue to cause, immediate and irreparable harm to 33 Threads. 33 Threads has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

*Trade Dress Infringement*

**(Against Pacific)**

44. Each of the foregoing allegations is incorporated by reference as though fully set forth herein.

45. Pacific's use of 33 Threads' trade dress in commerce, including the trade dress in 33 Threads' sock design, is likely to cause confusion, or to cause mistake, or to deceive as to origin, sponsorship, or approval of Pacific's goods by 33 Threads, in violation of § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

46. The acts by Pacific were committed willfully, knowingly, maliciously, and in conscious disregard of 33 Threads' rights and were done with full knowledge of the falsity of the designation of origin and with the intention of causing confusion and misleading and deceiving the trade and the public as to the origin and quality associated with Pacific's products.

47. As a result of the likelihood of confusion that now exists in the marketplace, 33 Threads has suffered damage to its goodwill and reputation and has lost sales of its products.

48. Pacific has made substantial profits based on its unauthorized sales of their infringing "sock" copies.

49. The aforesaid infringement by Pacific has caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to 33 Threads' property and business. 33 Threads has no adequate remedy at law.

///
///
///

## THIRD CLAIM FOR RELIEF

*Federal False Designation of Origin and Unfair Competition Under Common Law and 15 U.S.C. § 1125(a)*

**(Against Pacific)**

50. Each of the foregoing allegations is incorporated by reference as though fully set forth herein.

51. Pacific's actions as alleged herein are without 33 Threads' permission or authority. Upon information and belief, Pacific had actual knowledge of 33 Threads' prior and senior rights in the sock. Thus, Pacific willfully, deliberately, and maliciously engaged in unfair competition with an intent to injure 33 Threads and deceive the public.

52. As a result of Pacific's improper activities, 33 Threads has suffered and will continue to suffer substantial injury, including irreparable injury to its reputation and business, unless Pacific is enjoined.

53. Pacific's improper activities, as set forth above, have been willful and deliberate, thereby making this an exceptional case under the Lanham Act and warranting attorney's fees and damages not exceeding three times the amount of actual damages. 15 U.S.C. § 1117(a)(3).

## FOURTH CLAIM FOR RELIEF

*Intentional Interference with Contractual Relations*

**(Against All Defendants)**

54. Each of the foregoing allegations is incorporated by reference as though fully set forth herein.

55. 33 Threads has a contract with Xponential Fitness LLC ("XPO"), wherein the parties agreed that 33 Threads was XPO's exclusive sock manufacturer and vendor.

56. On information and belief, Defendants knew of this contract.

-10-
COMPLAINT

57. Defendants contacted various XPO franchises and offered to sell socks to those franchises.

58. Defendants sold and attempted to sell socks to these studios in an effort to disrupt the contract between XPO and 33 Threads. 33 Threads was harmed because the XPO franchises purchased products from Defendants, despite the exclusivity agreement with 33 Threads.

59. Defendants' conduct was a substantial factor in causing 33 Threads' harm.

## FIFTH CLAIM FOR RELIEF

*Unfair Competition Under The Laws Of California (Violation of Cal. Bus & Prof. Code § 17200)*

**(Against All Defendants)**

60. Each of the foregoing allegations is incorporated by reference as though fully set forth herein.

61. The aforementioned acts by Defendants in (a) causing confusion among the relevant public and causing a false association or sponsorship between Defendants' goods and 33 Threads, in California and elsewhere, as well as (b) attempting to sell socks to XPO franchises in violation of an exclusive contract, constitute unfair competition and unfair business practices contrary to the laws of the State of California, including Cal. Bus. and Prof. Code, § 17200 *et seq*.

62. The acts by Defendants were committed willfully, knowingly, maliciously, and in conscious disregard of 33 Threads' rights.

63. As a result of Defendants' unfair competition, 33 Threads has suffered damage to its goodwill and reputation and has lost sales of its products.

64. Defendants' have made substantial profits based on their unauthorized sales of socks.

65. Upon information and belief, the aforesaid conduct by Defendants has caused, and unless restrained by this Court will continue to cause, immediate,

great, and irreparable harm to 33 Threads' property and business. 33 Threads has no adequate remedy at law.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff 33 Threads demands judgment as follows:

<u>Against Pacific</u>

A. A declaration that Pacific willfully infringed 33 Threads' trade dress;

B. A preliminary and permanent injunction enjoining Pacific, its officers, agents, servants, employees, attorneys, and those in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from:

1. utilizing or imitating 33 Threads' trade dress, including but not limited to manufacturing, distributing, advertising, selling, or offering for sale, any products which use any trade dress which is confusingly similar to the overall trade dress of 33 Threads' goods;

2. injuring the commercial reputation, renown, and goodwill of 33 Threads;

3. unfairly competing with 33 Threads' in any manner whatsoever; and

4. ordering Pacific to cancel all orders for the sock products embodying trade dress confusingly similar to 33 Threads' sock trade dress, ordering Pacific to deliver up for destruction all labels, signs, prints, catalogs, sell sheets, purchase orders, invoices, packages, wrappers, receptacles, articles, advertisements, and/or promotional materials in their possession referring or relating to the infringing products, or other products incorporating trade dress confusingly similar to 33 Threads' trade dress and all plates, models, matrices, tooling, computer programs, and other means of making the same, and ordering Pacific to recall any and all infringing goods, or other products incorporating trade dress confusingly similar to 33 Threads' trade dress;

C. A declaration that Pacific has infringed the '292 Patent;

D. A preliminary and permanent injunction enjoining Pacific, its officers, agents, servants, employees, attorneys and those in active concert or participation with them who receive actual notice of the Order by personal service or otherwise, from infringing, contributing to the infringement of, or actively inducing infringement of the '292 Patent, ordering Pacific to cancel all orders for the sock products substantially similar to 33 Threads' patented design, ordering Pacific to deliver up for destruction all labels, signs, prints, catalogs, sell sheets, purchase orders, invoices, packages, wrappers, receptacles, articles, advertisements, and/or promotional materials in their possession referring or relating to the infringing products, or other products substantially similar to the '292 Patent and all plates, models, matrices, tooling, computer programs, and other means of making the same, and ordering Pacific to recall any and all infringing goods, or other products substantially similar to 33 Threads' '292 Patent;

E. An award to 33 Threads of treble, exemplary, and/or punitive damages;

F. Pursuant to 35 U.S.C. § 285, a finding that this case is exceptional;

G. An award to 33 Threads of its reasonable attorney fees pursuant to 15 U.S.C. § 1117(a) and/or 35 U.S.C. § 285, filing fees, and the costs of this action;

H. An award to 33 Threads of its actual damages and for all profits realized by Pacific in connection with its infringing or otherwise unlawful activities;

I. Prejudgment and postjudgment interest on the above monetary awards; and

J. Such other and further relief as this Court deems equitable and just.

Against all Defendants

A. An award to 33 Threads of its actual damages and for all profits realized by Defendants in connection with its infringing or otherwise unlawful activities;

B. An award to 33 Threads of punitive damages;

C. A preliminary and permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys and those in active concert or

participation with them who receive actual notice of the Order by personal service or otherwise, from interfering with the contract between 33 Threads and XPO.

                                                Respectfully submitted,

Dated:  August 9, 2023           GORDON REES SCULLY MANSUKHANI, LLP

                                                by */s/ Richard P. Sybert*
                                                   Richard P. Sybert

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by a jury on all issues so triable.

                                                Respectfully submitted,

Dated:  August 9, 2023           GORDON REES SCULLY MANSUKHANI, LLP

                                                by */s/ Richard P. Sybert*
                                                   Richard P. Sybert