UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THIRTY THREE THREADS, INC., <br><br> Plaintiff, <br><br> v. <br><br> PACIFIC MANUFACTURING LLC et al., <br><br> Defendants. | Case No.:   23-CV-1459-CAB-AHG <br><br> **ORDER DISMISSING STATE CLAIMS** |

In its original complaint, Plaintiff asserted five claims – three federal claims against Defendant Pacific Manufacturing LLC ("Pacific"), and two state claims against Pacific and three other Defendants. Because the Court was not convinced that it even has the discretion to exercise supplemental jurisdiction over the state claims under 28 U.S.C. § 1367(a), it ordered Plaintiff to show cause why the state claims should not be dismissed. On August 21, 2023, Plaintiff responded to the order to show cause and filed a first amended complaint ("FAC") that added a federal claim against Pacific only.

Upon review of the FAC and Plaintiff's response to the order to show cause, the Court is not persuaded that it has the discretion to exercise supplemental jurisdiction over the state law claims because they are not so related to the federal claims against Pacific

"that they form part of the same case or controversy." 28 U.S.C.A. § 1367. Specifically, the federal claims concern whether Pacific is selling a sock that infringes on Plaintiffs' patents and trade dress. The state claims, meanwhile, concern whether Pacific and three other entities separately and individually interfere with an exclusive contract Plaintiff has with a third party. Whether Pacific infringes Plaintiff's patents and trade dress, therefore, is an entirely separate issue, involving different facts, from whether Pacific (or the other defendants) interfere with Plaintiff's exclusive contract. *See generally AngioScore, Inc. v. TriReme Med., LLC*, 666 F. App'x 884, 887 (Fed. Cir. 2016) (holding that district court improperly exercised supplemental jurisdiction over state law claims for breach of fiduciary duty, aiding and abetting, and unfair competition in patent infringement case and that the general understanding of the infringing device necessary to the state claims "does not create a 'common nucleus of operative fact' because it is simply general 'background' information."). Indeed, that three of the defendants are alleged to have interfered with the contract without infringing Plaintiff's patents or trade dress demonstrates that the state claims involve entirely different facts from the federal claims against Pacific only.

Moreover, even if the Court has the discretion to exercise supplemental jurisdiction over the state claims, it declines to do so here. Contrary to Plaintiff's assertion in response to the OSC, there are more state claims than federal claims asserted in the FAC. Specifically, the FAC asserts four federal claims (claims 1-4 against Pacific). On the other hand, the FAC asserts two state claims against each of the four defendants, and because the defendants are not alleged to be related or working together, each of these state claims is better characterized as a separate claim as to each defendant, for a total of eight distinct state claims. Further, because the facts related to these state claims are wholly separate from the facts related to Pacific's alleged patent and trade dress infringement, these claims threaten to predominate over the federal claims.

In sum, because the Court lacks subject matter jurisdiction under 28 U.S.C. § 1367(a) over the state law claims, and because even if the Court had discretion to exercise such jurisdiction, it would decline to exercise it, the state claims (Claims 5 and 6 in the

FAC) are **DISMISSED WITHOUT PREJUDICE**.  Plaintiff may re-file its state claims against Pacific in state court and its state claims against the other three defendants in appropriate jurisdictions and venues.  The Clerk of Court shall terminate all Defendants aside from Pacific on the docket, and this case will proceed against Pacific only on the first four claims in the FAC.

It is **SO ORDERED**.

Dated:  August 22, 2023

_____
Hon. Cathy Ann Bencivengo
United States District Judge