Tyler R. Dowdall (Bar No. 258950)
TARTER KRINSKY & DROGIN LLP
2029 Century Park East, Suite 400N
Los Angeles, CA 90067
Telephone: (424) 330-8580
Facsimile: (315) 512-1465
E-mail: *tdowdall@tarterkrinsky.com*

Mark Berkowitz (*pro hac vice* to be filed)
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, NY 10018
Telephone: (212) 216-8000
Facsimile: (212) 216-8001
E-mail: *mberkowitz@tarterkrinsky.com*

***Attorneys for Defendant***
***Pacific Manufacturing LLC***

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THIRTY THREE THREADS, INC., <br><br> Plaintiff, <br><br> v. <br><br> PACIFIC MANUFACTURING LLC, <br><br> Defendant. | Case No. 3:23-cv-01459-CAB-AHG <br><br> **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Action Filed:  August 9, 2023 <br> Trial Date:     n/a <br> Judge:  Cathy Ann Bencivengo |

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**
Case No. 3:23-cv-01459-CAB-AHG

Defendant Pacific Manufacturing LLC ("Defendant" or "Pacific"), through its counsel, hereby responds to the First Amended Complaint, dated August 21, 2023 (ECF No. 6, "FAC") of Plaintiff Thirty Three Threads, Inc. ("Plaintiff" or "33 Threads") as set forth below.  In response to all paragraphs of the FAC, Pacific denies each and every allegation except as expressly admitted herein.

## NATURE OF ACTION

Pacific admits that the FAC purports to allege claims against Pacific for patent infringement of U.S. Patent Nos. 7,346,935 ("the '935 Patent") and D802,292 ("the D'292 Patent"), trade dress infringement, and federal unfair competition.  Pacific denies the remainder of the allegations of the first paragraph of the FAC's "Nature of Action" section.

Pursuant to the Court's August 22, 2023 Order (ECF No. 8), Claims 5 and 6 of the FAC are dismissed, and thus no response is required. To the extent that any response is required to the second paragraph of the FAC's "Nature of Action" section, denied.

## JURISDICTION AND VENUE

1.     Pacific admits that the FAC purports to allege federal claims against Pacific for patent infringement of the '935 and D'292 Patents, trade dress infringement, and unfair competition.  Pursuant to the Court's August 22, 2023 Order (ECF No. 8), Claims 5 and 6 of the FAC are dismissed.  Pacific denies the remainder of the allegations of paragraph "1" of the FAC.

2.     Paragraph "2" of the FAC states a legal conclusion to which no response is required.

3.     Pursuant to the Court's August 22, 2023 Order (ECF No. 8), the state law claims have been dismissed, and thus no response is required to paragraph "3" of the FAC.

2

4.    Pursuant to the Court's August 22, 2023 Order (ECF No. 8), the state law claims have been dismissed, and thus no response is required to paragraph "4" of the FAC.

5.    Pacific admits that venue is proper in this Court for purposes of this Action.

6.    Pacific admits that it is subject to personal jurisdiction in this Court for purposes of this Action.

## PARTIES

7.    Pacific denies the allegations of paragraph "7" of the FAC in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

8.    Pacific admits that it is a California limited liability company with a place of business at 10373 Roselle Street, San Diego, CA 92121. Pacific is an apparel and accessories manufacturer that sells clothing online and assists companies with brand development. Pacific denies the remainder of the allegations of paragraph "8" of the FAC.

9.    Pacific denies the allegations of paragraph "9" of the FAC in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

10.    Pacific denies the allegations of paragraph "10" of the FAC in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

11.    Pacific denies the allegations of paragraph "11" of the FAC in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
Case No. 3:23-cv-01459-CAB-AHG

## BACKGROUND

12.    Pacific denies the allegations of paragraph "12" of the FAC in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

13.    Pacific admits that the face of the D'292 Patent states that it was filed by 33 Threads, that it claims an ornamental design for a sock, and was issued by the United States Patent and Trademark Office ("USPTO") on November 14, 2017.

14.    The FAC does not include any paragraph "14".

15.    Pacific admits that the face of the '935 Patent states that it is entitled "Stretchable High Friction Socks," identifies the inventor as Joe Patterson, and was issued by the USPTO on March 25, 2008. Pacific denies the remaining allegations of paragraph "15" of the FAC in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

16.    Pacific denies the allegations of paragraph "16" of the FAC.

17.    Pacific denies the allegations of paragraph "17" of the FAC.

18.    Pacific denies the allegations of paragraph "18" of the FAC.

19.    Pacific denies the allegations of paragraph "19" of the FAC.

20.    Pacific denies the allegations of paragraph "20" of the FAC.

21.    Pacific denies the allegations of paragraph "21" of the FAC.

22.    Pacific denies the allegations of paragraph "22" of the FAC.

23.    Pacific denies the allegations of paragraph "23" of the FAC:

24.    Pacific denies the allegations of paragraph "24" of the FAC.

25.    Pacific denies the allegations of paragraph "25" of the FAC

26.    Pacific denies the allegations of paragraph "26" of the FAC.

27.    Pacific denies the allegations of paragraph "27" of the FAC.

28.    Pacific denies the allegations of paragraph "28" of the FAC.

29.    Pacific denies the allegations of paragraph "29" of the FAC.

30.    Pacific denies the allegations of paragraph "30" of the FAC.

31.   Pacific denies the allegations of paragraph "31" of the FAC in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

32.   Pacific denies the allegations of paragraph "32" of the FAC in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

33.   Pacific denies the allegations of paragraph "33" of the FAC in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

34.   Pacific denies the allegations of paragraph "34" of the FAC in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

35.   Pacific denies the allegations of paragraph "35" of the FAC in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

36.   Pacific admits that it received a letter purporting to be from 33 Threads dated October 22, 2022. Pacific denies the remainder of the allegations of paragraph "36" of the FAC in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

## FIRST CLAIM FOR RELIEF

37.   Pacific repeats and reiterates each and every one of the foregoing answers in response to the allegations made in paragraph "37" of the FAC herein with the same force and effect as though set forth at length.

38.   Pacific admits that the face of the D'292 Patent states that it is entitled "Sock" and was issued by the USPTO on November 14, 2017.  Pacific denies the remainder of the allegations of paragraph "38" of the FAC.

39. Pacific denies the allegations of paragraph "39" of the FAC in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

40. Pacific denies the allegations of paragraph "40" of the FAC.

41. Pacific denies the allegations of paragraph "41" of the FAC.

42. Pacific denies the allegations of paragraph "42" of the FAC.

43. Pacific denies the allegations of paragraph "43" of the FAC.

44. Pacific denies the allegations of paragraph "44" of the FAC.

## SECOND CLAIM FOR RELIEF

45. Pacific repeats and reiterates each and every one of the foregoing answers in response to the allegations made in paragraph "45" of the FAC herein with the same force and effect as though set forth at length.

46. Pacific admits that the face of the '935 Patent states that it is entitled "Stretchable High Friction Socks" and was issued by the USPTO on March 25, 2008.

47. Pacific denies the allegations of paragraph "47" of the FAC in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

48. Pacific denies the allegations of paragraph "48" of the FAC.

49. Pacific denies the allegations of paragraph "49" of the FAC.

50. Pacific denies the allegations of paragraph "50" of the FAC.

51. Pacific denies the allegations of paragraph "51" of the FAC.

## THIRD CLAIM FOR RELIEF

52. Pacific repeats and reiterates each and every one of the foregoing answers in response to the allegations made in paragraph "52" of the FAC herein with the same force and effect as though set forth at length.

53. Pacific denies the allegations of paragraph "53" of the FAC.

54. Pacific denies the allegations of paragraph "54" of the FAC.

55. Pacific denies the allegations of paragraph "55" of the FAC.

56. Pacific denies the allegations of paragraph "56" of the FAC.

57. Pacific denies the allegations of paragraph "57" of the FAC.

## FOURTH CLAIM FOR RELIEF

58. Pacific repeats and reiterates each and every one of the foregoing answers in response to the allegations made in paragraph "58" of the FAC herein with the same force and effect as though set forth at length.

59. Pacific denies the allegations of paragraph "59" of the FAC.

60. Pacific denies the allegations of paragraph "60" of the FAC.

61. Pacific denies the allegations of paragraph "61" of the FAC.

## FIFTH CLAIM FOR RELIEF

Pursuant to the Court's August 22, 2023 Order (ECF No. 8), Claim 5 of the FAC is dismissed, and thus no response is required. To the extent that any response is required, denied.

## SIXTH CLAIM FOR RELIEF

Pursuant to the Court's August 22, 2023 Order (ECF No. 8), Claim 6 of the FAC is dismissed, and thus no response is required. To the extent that any response is required, denied.

## PRAYER FOR RELIEF

Pacific denies that 33 Threads is entitled to the relief requested. To the extent that any statement in the prayer for relief is deemed factual, it is denied.

\*      \*      \*

## AFFIRMATIVE DEFENSES

Pacific incorporates by reference the foregoing paragraphs in their entirety and asserts the following affirmative defenses to the claims set forth in the Counterclaims. Pacific reserves the right to allege additional Affirmative Defenses as they become known, and accordingly to amend this Answer.

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Case No. 3:23-cv-01459-CAB-AHG

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The FAC fails to state a claim upon which relief may be granted. In particular, the FAC fails to provide any factual support for any of the claims from which the Court could conclude that Pacific is liable for any claim.

## SECOND AFFIRMATIVE DEFENSE

### (Non-Infringement of the D'292 Patent)

Pacific has not infringed, nor is it infringing, the D'292 Patent directly, indirectly, literally or under the doctrine of equivalents.

## THIRD AFFIRMATIVE DEFENSE

### (Invalidity of the D'292 Patent)

The D'292 Patent is invalid for failing to satisfy at least one of the requirements of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

## THIRD AFFIRMATIVE DEFENSE

### (Non-Infringement of the '935 Patent)

Pacific has not infringed, nor is it infringing, the '935 Patent directly, indirectly, literally or under the doctrine of equivalents.

## FOURTH AFFIRMATIVE DEFENSE

### (Invalidity of the '935 Patent)

The '935 Patent is invalid for failing to satisfy at least one of the requirements of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

## FIFTH AFFIRMATIVE DEFENSE

### (Limitation of Patent Damages)

33 Threads' claims for damages and costs are limited by 35 U.S.C. §§ 286, 287, and/or 288. For example, the FAC claims that 33 Threads has complied with 35 U.S.C. § 287 by including the link 33Threads.com/patents_trademarks on "each product" "sold under the patent," but 33 Threads' allegation is legally insufficient and untrue. At a minimum, 33 Thread's "Bellarina" product has been sold in packaging

8

that neither references that link, nor lists the D'292 Patent.  Further, the link 33Threads.com/patents_trademarks directs to a webpage that does not include the '935 Patent.

## SIXTH AFFIRMATIVE DEFENSE

### (Patent Misuse)

33 Threads' claims are barred, in whole or in part, by patent misuse.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

33 Threads' action is barred, in whole or in part, under the doctrine of unclean hands. In particular, 33 Threads' claims are barred by its own unlawful conduct.

## EIGHTH AFFIRMATIVE DEFENSE

### (Non-Infringement of Trade Dress)

Pacific has not infringed 33 Threads' purported trade dress and is not liable for infringement thereof.

## NINTH AFFIRMATIVE DEFENSE

### (Trade Dress Not Protectable)

33 Threads' purported trade dress is not protectable because it is non-distinctive, lacks secondary meaning, and/or is functional.

## TENTH AFFIRMATIVE DEFENSE

### (Laches)

33 Threads' trade dress claims are barred by laches.

## COUNTERCLAIMS

As for its Counterclaims against 33 Threads, by and through its undersigned attorneys, Pacific hereby alleges as follows:

### NATURE OF THE ACTION

1.     This is a declaratory judgement action for non-infringement and invalidity of the '935 Patent and the '292 Patent allegedly owned by 33 Threads.

### THE PARTIES

2.     Pacific is a California limited liability company with a place of business at 10373 Roselle Street, San Diego, CA 92121.

3.     Upon information and belief, 33 Threads is a California corporation with its principal place of business at 1330 Park Center Drive, Vista, CA 92081.

### JURISDICTION AND VENUE

4.     This action arises under the patent laws of the United States and seeks a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.  This Court has jurisdiction under 28 U.S.C. § 1331 and 1338(a).

5.     33 Threads is subject to the personal jurisdiction of this Court, and venue is proper, on the grounds that 33 Threads elected to bring this action in this Judicial District.

### COUNT ONE

### Declaratory Judgment of Non-Infringement of the '935 Patent

6.     Pacific repeats and re-alleges the allegations contained in Paragraphs 1–5 as if fully set forth herein.

7.     33 Threads has alleged that it has all rights and interest in, and that Pacific has infringed the '935 Patent.

8.     As a result of these claims, an actual case or controversy exists between Pacific and 33 Threads concerning infringement of the '935 Patent.

9.     Pacific is not infringing, and has not ever infringed, either directly or indirectly, any valid claim of the '935 Patent.

10

10. The Complaint alleges that Pacific infringes at least Claim 1 of the '935 Patent. At a minimum, the Pacific sock (as identified in the Complaint) does not include the following elements of Claim 1: "the foot portion formed at its forward extremity with five forwardly projecting seamless, stretchable toe tubes to be stretched and received over the respective toes of a wearer;" "an array of high friction buttons spaced uniformly about and adhered to at least the bottom of the toe, ball and heel sections and having respective horizontal cross sections of about an ⅛th of an inch;" or "the knit material is comprised of about 30 gauge thread and the material comprises a blend of a natural fiber and an elastic material."

11. Pacific is not willfully, deliberately, or intentionally infringing, and has not ever willfully, deliberately, or intentionally infringed any valid claim of the '935 patent.

12. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Pacific is entitled to a declaratory judgment of non-infringement of the '935 Patent.

## COUNT TWO

### Declaratory Judgment of Invalidity of the '935 Patent

13. Pacific repeats and re-alleges the allegations contained in Paragraph 1–12 as if fully set forth herein.

14. As a result of 33 Threads' claim of patent infringement, an actual case or controversy exists between Pacific and 33 Threads concerning the validity of the claims of the '935 Patent.

15. The asserted claims of the '935 Patent are anticipated and/or rendered obvious by other, earlier patents and prior art.

16. For example, Claim 1 of the '935 Patent is anticipated and/or obvious over U.S. Patent No. 7,012,525 to Ghioto, U.S. Patent Publ. No. US2005/0144703 to Hilbert, U.S. Patent Publ. No. US2004/0221371 to Kato, U.S. Patent No. 6,367,087 to Spillman et al., U.S. Patent No. 4,728,538 to Kaspar et al, U.S. Patent Publ. No. US2005/0091725 to Alley and U.S. Patent No. 6,158,253 to Svoboda et al.

17. Claim 1 of the '935 Patent is invalid as indefinite under 35 U.S.C. § 112(b). Specifically, the limitation "an array of high friction buttons spaced uniformly about and adhered to at least the bottom of the toe, ball and heel sections and having respective horizontal cross sections of about an ⅛th of an inch" because it fails to particularly point out and distinctly claim the subject matter which the inventor or a joint inventor regards as the invention.

18. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Pacific request a declaration by the Court that the claims of the '935 Patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT THREE

### Declaratory Judgment of Non-Infringement of the D'292 Patent

19. Pacific repeats and re-alleges the allegations contained in Paragraphs 1–18 as if fully set forth herein.

20. 33 Threads has alleged that it has all rights and interest in, and that Pacific has infringed the D'292 Patent.

21. As a result of these claims, an actual case or controversy exists between Pacific and 33 Threads concerning infringement of the D'292 Patent.

22. Pacific is not infringing, and has not ever infringed, either directly or indirectly, any valid claim of the D'292 Patent.

23. For example, as compared to the sock disclosed in the D'292 Patent, the bottom of the Pacific sock contains a completely different design, namely, text surrounded by triangles arranged in repeating pattern:

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Case No. 3:23-cv-01459-CAB-AHG

| D'292 Patent | Pacific sock |
|---|---|
| Fig. 4 | |

24.   Pacific is not willfully, deliberately, or intentionally infringing, and has not ever willfully, deliberately, or intentionally infringed any valid claim of the D'292 Patent.

25.   Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Pacific is entitled to a declaratory judgment of non-infringement of the 'D'292 Patent.

## COUNT FOUR

### Declaratory Judgment of Invalidity of the D'292 Patent

26.   Pacific repeats and re-alleges the allegations contained in Paragraph 1–25 as if fully set forth herein.

27. As a result of 33 Threads' claim of patent infringement, an actual case or controversy exists between Pacific and 33 Threads concerning the validity of the claims of the D'292 Patent.

28. The asserted claim of the D'292 Patent is anticipated and/or rendered obvious by other, earlier patents and prior art.

29. For example, a Japanese prior art reference, JP 2012-153992, which was not disclosed during prosecution of the D'292 Patent, taught a sock that is nearly identical to the design claimed in the D'292 Patent:

| D'292 Patent | Prior Art JP 2012-153992 |
| --- | --- |
| | |

30. As another example, the prior art AQUA RUN sock, which was also not disclosed during prosecution of the D'292 Patent, is nearly identical to the design claimed in the D'292 Patent:

| D'292 Patent | Prior Art AQUA RUN Sock |
|---|---|
| *Fig. 1* | |

31. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Pacific request a declaration by the Court that the claim of the D'292 Patent is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

# **PRAYER FOR RELIEF**

WHEREFORE, Pacific prays that this Court enter judgment in its favor and against 33 Threads, as follows:

(a)   Finding that Pacific has not infringed any claims of the '935 Patent;

(b)   Finding that Pacific has not willfully infringed the '935 Patent;

(c)   Finding that the '935 Patent is invalid;

(d)   Finding that Pacific has not infringed any claims of the D'292 Patent;

(e)   Finding that Pacific has not willfully infringed the D'292 Patent;

(f)   Finding that the D'292 Patent is invalid;

(g)   Declaring this case exceptional;

(h)   Awarding Pacific its attorneys' fees and costs; and

(i)   Awarding Pacific such other and further relief as the Court may deem proper.

\*       \*       \*

# **DEMAND FOR JURY TRIAL**

Pacific hereby requests a jury trial for all issues triable by jury.

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Case No. 3:23-cv-01459-CAB-AHG

Respectfully submitted,

Dated: September 27, 2023

TARTER KRINSKY & DROGIN LLP

By:  */s/ Tyler R. Dowdall*
Tyler R. Dowdall (Bar No. 258950)
2029 Century Park East, Suite 400N
Los Angeles, CA 90067
Telephone: (424) 330-8580
Facsimile: (315) 512-1465
E-mail: *tdowdall@tarterkrinsky.com*

Mark Berkowitz (*pro hac vice* to be filed)
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, NY 10018
Telephone: (212) 216-8000
Facsimile: (212) 216-8001
E-mail: *mberkowitz@tarterkrinsky.com*

***Attorneys for Defendant***
***Pacific Manufacturing LLC***

17

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2023, I electronically filed the above document(s) with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to all registered counsel.

Dated: September 27, 2023

                               */s/ Tyler R. Dowdall*
                               TYLER R. DOWDALL

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Case No. 3:23-cv-01459-CAB-AHG